O’Neall, J.
I concur in opinion with the Recorder, that the defendant’s pleas were immaterial, and that they were properly struck out. The four first pleas all depend upon the same question, and may be considered together. ' The plea of performance, which is the defendant’s fifth, presents a different question from the others; it will be first disposed of. If the declaration had been on the penalty of the. bond alone, it would after the craving oyer of the condition, have been proper to plead performance. But the declaration sets out and shows, according to the decisions in this State, the. particulars in which the condition is broken. It is no answer to a declaration so franjad, to plead performance generally. Such a plea to such a declaration is immaterial; for it does not traverse and *338 deny, or answer, confess and avoid the gist of the action, which is that the defendant was the bail of the defendant in the original action, who has not satisfied the judgment recovered, and cannot be seized in satisfaction of it.
P. L. 368, 1 Bev. Dig. 556.
The other four pleas will be decided by the consideration which I propose to give to the first. It was contended that the plea that the defendant in the action appeared, according to the condition of the said bond, was an answer to the plaintiff’s declaration. The acts of 1785 and 1809 have, according to the decision of our courts, and as I think by their necessary construction, turnedbail to the sheriff into bail to the action or special bail. In Saunders v. Hughes, 2 Bail. 513, it is said, speaking of the words used in tho condition of a bail bond for the appearance of Col. Hughes, “If they have any meaning they cannot mean any thing more than that the defendant Col. II. will legally abide the judgement of the Court; that is, that he shall remain within the reach of its process of satisfaction. This is exactly the obligation which the bail incurred by undertaking for his appearance, and there being no attempt therefore to evade the statute by imposing some other obligation, it cannot avoid the bond. ” These observations taken from that case sufficiently define what is meant by the word “appear-” as used in the condition of a bail bond. This it is said maybe conceded, and still the plea is a good pica. It might be so, if tho plaintiff had not set out and averred by matter of record, the facts necessary to fix the bail. Those narrow the case down to the issues, was the bail bond legally executed? has the plaintiff used the legal diligence required by law to fix the bail, or has the bail surrendered his principal in discharge of himself? A plea which does not make one or the other of the issues arising out of the record, Would bo generally immaterial. But I apprehend the plea cannot receive the construction contended for; it sets out an appearance at the return day of the writ, and not an eventual appearance in satisfaction of the judgment. This could only be done by pleading a surrender. But it is contended that by the plea of appearance, it must be taken that .the defendant in the action put in bail to the action, and hence that the bail to the sheriff is discharged. Without stopping to inquire whether bail to the action is not now abolished by the acts which made bail to the sheriff in effect special bail, I propose to shew, that an appearance at the return of the writ does not legally imply that bail to the action has been given before it was entered. In 1 Sellon’s Practice, 137, it is said, “The defendant having put in bail to the sheriff by entering into a bail bond as before described, the next step to be taken is 7iis appearance according to the condition of the bond and the exigency of the writ, which appearance is effected by putting in hail to the *339 action, commonly called bail above, in opposition to the bail to the sheriff, which is called bail below.”
In process not bailable, and especially in the common pleas, the appearance was effected by “ entering an appearance.” 1 Sel. 91. Our Act, (1 Faust, 40,) has unquestionably dispensed with an appearance by a recognizance of bail to the action, and in its stead adopted the common appearance in the Common Pleas. It provides, “ and the plaintiff shall, on the return of such writs, proceed to file his declaration, during the sitting of the Court next after the suit is returnable, or at any time after until the next succeeding Court, and shall take judgment by default against the defendant in said suit, unless an appearance has been regularly entered by the defendant’s attorney, with the clerk of the said Court.” This, it appears to me, as well as invariable usage, has fixed the meaning of the appearance of the defendant when entered in an action, to be a common appearance, entered as of right in the clerk’s office, at the return of the suit, and not by putting in bail to the ac. tion. If this be so, the defendant’s plea was wholly immaterial ; for the common appearance, or the plea by defendant to the action, cannot have, under our law, the effect to discharge the bail. If, however, there was a doubt on the question, it ought to be removed by the remarks which fell-from Judge Nott in the case of Loker v. Antonio, 4 M’C. 177. He said, “ But it is unnecessary to look beyond the act of 1785, to determine the case under consideration. That act expressly declares, that although the defendant shall have made default of appearance, the suit shall be prosecuted to judgment, and execution shall issue against the defendant, before any proceedings shall be had against the bail. It is not, therefore, the failure to appear, that gives the plaintiff a right to action. For unless he should proceed to judgement and execution, he can never have an action on the bail bond, although it would appear that the condition had been broken by the non-appearance of the defendant. The allegation, therefore, that the defendant in the original action had failed to appear, was not sufficient, for admitting it to be true, it would have given the plaintiff no cause of action. In this declaration, the plaintiff assigns as a breach of the bond, that the defendant did not appear, without avowing that he had prosecuted his action to judgement, &c. &c. Suppose this defendant had pleaded, that the defendant in the former action did appear, and issue had been taleen upon it, it would have leen an immaterial issue, for if it had been found against him, the plaintiff would not have been entitled to recover.”
The motion to reverse the decree of the Recorder is dismissed.
Johnson & Harper, Js. concurred.